UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-213-JBC

ROBERT SHORT,                                                                                            PLAINTIFF,

V.            **MEMORANDUM OPINION AND ORDER**

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Robert Short, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

A.    **Overview of the Process**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

In the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity since the alleged onset of his medical conditions. At the second and third steps of the evaluation, the ALJ determined that the claimant suffered from "osteoarthritis with mild degenerative changes of the back, right shoulder pain with probable rotator cuff injury or

tendinitis, left shoulder tendinitis, and bilateral knee pain." These conditions were "severe" within the meaning of the Regulations, 20 C.F.R. §§ 404.1520(c); 416.920(b). However, they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4. At step four, the ALJ determined that the claimant retained the residual functional capacity to continue to perform his past relevant work. Therefore, the ALJ found that the claimant was not disabled.

**C.     Analysis**

The claimant argues that the ALJ failed to afford appropriate weight to the opinion of his treating physician. A treating physician's opinion is entitled to great weight unless there is persuasive contradictory evidence. *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 287 (6th Cir. 1994). However, if the physician's opinion is brief and conclusory, it is fully within the discretion of the ALJ to reject that opinion. *Id.* A physician's opinion may also be rejected when there are contradictory opinions by other sources. *Jones v. Sec'y of Health & Human Serv.*, 945 F.2d 1365, 1370 (6th Cir. 1991).

In this case, the ALJ considered reports from Dr. Bynum, the claimant's treating physician, and Dr. Barrett, a physician who examined the claimant at the request of the Social Security Administration. Dr. Bynum opined that the claimant was unable to perform any of his past relevant work. However, the ALJ noted that this opinion was conclusory as it contained "few treatment notes or histories of

3

physical examinations." In contrast, Dr. Barrett opined that while the claimant would have mild restrictions in lifting, carrying, reaching, pushing, and pulling, he retained the ability to work. The ALJ acted within the scope of his authority in rejecting Dr. Bynum's opinion as conclusory and inconsistent with other medical evidence. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 5) is **GRANTED**.

Signed on November 29, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY